JOHN T. STARK, JR., ADMINISTRATOR, V. HART & SHOLARS.

Decided February 1, 1900.

**Limitations—Contract for Attorney Fee—Death of Client.**

Where a suit was brought against one who was himself a lawyer, and he bespoke other attorneys to assist him in defense of the case, without any specific contract as to the extent of their services or compensation, his death, pending the suit, terminated the contract of employment, and the attorneys, having presented the claim for their fee to his administrator more than two years after his qualification as such, could not avoid the bar of limitation by reason of the fact that they, after the death of the client, considering themselves as still employed in the cause, had noticed the docket and filed objections to a surveyor's report made in the case.

APPEAL from Orange. Tried below before Hon. S. P. WEST.

*Holland, Link & Holland,* for appellant.

*Hart & Sholars,* pro se.

GARRETT, CHIEF JUSTICE.—Hart & Sholars brought this suit against the administrator of John T. Stark, deceased, to recover upon a rejected claim against said estate for an attorney's fee. The defense was the statute of two years limitation. John T. Stark in his lifetime employed Hart & Sholars to defend a suit brought against him in the District Court of Orange County. Before the trial of the suit Stark died, and the appellant was appointed as his administrator. After the appointment of the appellant he told Hart & Sholars that he wanted them to remain in the suit, but he afterwards engaged other counsel, and Hart & Sholars thereupon ceased to have anything to do with the case. After the final disposition of the case Hart & Sholars presented to the administrator a verified claim against the estate of John T. Stark "for fees for legal services rendered in the District Court of Orange County in the cause therein pending, being No. 950, and styled

Henry J. Lutcher v. John T. Stark et al., $150." The administrator rejected the claim, and the appellees instituted this suit to establish the same. The contract of employment is thus stated by the appellee Hart:

"The firm of Hart & Sholars was employed through me by Judge J. T. Stark to represent him and his wife in the suit of Henry J. Lutcher v. John T. Stark, Sr., et al. We agreed on no fee. Judge Stark was a lawyer, and I helped him a great deal in his business matters after he grew old. We never fixed any fee in advance, but after the work was done we would agree upon a reasonable fee and he would pay it."

Hart & Sholars filed an answer in the case and prepared it for trial. Soon afterwards, in February, 1893, Stark died. Appellant was appointed administrator in April, 1893. He was not made a party to the suit until 1897. His answer was filed by other attorneys in October, 1897. Up to that date Hart & Sholars considered themselves still in the case, noticed the docket, and filed objections to a surveyor's report that had been filed therein. The case was finally disposed of at the spring term of court, 1898. The claim for fees was presented to the administrator February 16, 1899.

The death of John T. Stark terminated the employment of Hart & Sholars as his attorneys to represent him in the suit, and they had afterwards no authority to appear therein for the administrator unless employed by him. 3 Am. and Eng. Enc. of Law, 2 ed., 327, 328. There was no specific contract of employment to conduct the case to judgment, and the facts do not bring this case within the exception stated by the court in Jones v. Lewis, 11 Texas, 359, 365. The testimony of Hart shows a mere agency that might have been terminated by Stark at any time. There was no understanding by which the case was to be conducted through to judgment, and no fee was agreed upon for the entire case. It would seem from the evidence that appellees were called in to the case only to assist Stark, who was himself a lawyer. Stark's death terminated the relation of client and attorney, and the claim of appellees for compensation was quantum meruit at the time of Stark's death. For such necessary services as they rendered the administrator afterwards their claim would be separate and distinct. The claim presented to the administrator does not include both items, and must be considered as a claim against the estate of John T. Stark, deceased, only for services rendered to him during his lifetime, which became due at the date of his death. As such it had long been barred by limitation when it was presented to the administrator. The court below should have sustained the plea of limitation. The judgment will be reversed, and judgment will be here rendered in favor of the appellant.

*Reversed and rendered.*