## Mary E. Gray v. S. M. Cooper.

### Decided March 2, 1900.

**Promissory Note—Transfer—Attorney's Contract for Collection.**

A note was placed by the payee with an attorney for collection under an agreement that the latter was to have one-half the amount collected for his services. Thereafter the attorney obtained a renewal note, payable to the original payee, for the full amount of the old one, and after the payee's death he transferred a one-half interest in it to a trustee of the maker in settlement of an account of his own and a cash credit for himself. The administratrix of the payee then settled with the attorney, paying him in cash for his services in relation to the note, and without notice of such transfer. Held, that she could recover from the maker the full amount of the note, since the death of the payee revoked the attorney's employment, and he had no power to make such transfer of a half interest therein.

Appeal from the County Court of Johnson. Tried below before Hon. W. D. McKay.

*W. J. Ewing,* for appellant.

*M. L. Daniel* and *L. D. Davis,* for appellee.

PLEASANTS, Associate Justice.—Appellant, who is the independent executrix and sole devisee and legatee under the will of V. Gray, deceased, brought this suit to recover upon a note executed by appellee in favor of said V. Gray for the sum of $150, with interest thereon from May 1, 1894, the date of said note, at the rate of 10 per cent per annum, and 10 per cent attorney's fees as stipulated in said note.

Appellee answered by general denial, and special plea alleging, in brief, that V. Gray, the payee, had for a valuable consideration sold and transferred one-half of said note to H. C. Gardner, and that said Gardner, for a valuable consideration, had transferred his one-half of said note to appellee, and by reason of said transfers the appellee was an equitable owner of one-half of said note, and prayed that same be

credited with one-half of the amount due thereon, and that appellant recover only one-half of the amount due upon said note.

Appellant by supplemental petition pleaded that V. Gray delivered the claim to H. C. Gardner, an attorney at law, for collection only, with the agreement that he, Gardner, should have one-half of the proceeds of said claim in event he should collect same, and this was the sole agreement between said parties as to said claim; that the said Gardner never collected any part of said claim, and appellant is the sole owner of same, and if said Gardner ever sold any part of said note to appellee, he did so after the death of V. Gray, and without any authority from said V. Gray or appellant. Upon these pleadings the trial court, after hearing the evidence, rendered judgment for appellant for one-half of the amount due upon the note sued on, from which judgment this appeal is prosecuted.

The following are the conclusions of fact as found by the trial court:

"(1) I find from the evidence that some time prior to May 1, 1894, V. Gray held a note against the defendant, S. M. Cooper, and that the said note had then been due more than four years, and was unpaid, and that said note was placed by V. Gray in the hands of H. C. Gardner, an attorney at law, at Grand View, Texas, where the said Cooper resided, and that the said note was placed in the hands of said Gardner for collection, with the understanding and agreement between the said Gardner and Gray, that he, Gardner, should have one-half of all. he should make or realize on the collection of said claim, and that this was all the agreement between the said Gardner and Gray in regard to said claim.

"(2) I find that the said Gardner on May 1, 1894, procured and obtained from the defendant Cooper the note sued on in renewal of, and in lieu of, the said old note above referred to, and that this last note so obtained as aforesaid was dated May 1, 1894, and due October 1, 1894, and for the sum of $150, with interest from date thereof at 10 per cent per annum, and the said note also provided for the payment of 10 per cent attorney's fees, if placed in the hands of attorney for collection, and I further find this last named note was payable to V. Gray or order, and was executed by S. M. Cooper, and which was delivered by said Cooper to the said Gardner, and that the amount of principal in the last named note was the amount due upon said original note at the time it was renewed.

"(3) I find that on August 2, 1897, the said V. Gray died, leaving a will which has since been duly probated, and by the terms of which will the plaintiff herein, Mrs. Mary E. Gray, is made the sole devisee and legatee, and appointed executrix of his said estate.

"(4) I further find that in the winter of 1897 and 1898 and previous to the month of March, 1898, the defendant made a deed of trust to one Hudgins, as trustee, conveying to him certain property to pay certain debts of the defendant Cooper, one of which debts was the note herein sued on.

"(5) I find that the said Hudgins, trustee aforesaid, as the agent of said Cooper, in the month of March, 1898, made an agreement and arrangement with the said Gardner by which said agreement the said Gardner transferred to the said Cooper a one-half interest in the note aforesaid, for which Gardner, individually, was to have a credit of $50 on an account then due by said Gardner to Cooper, and $25 in cash, or in goods, as Gardner might elect; and that Cooper ratified this agreement, and gave Gardner's account credit for $50 and let him have $3.90 worth of goods, and that he, Cooper, still owes Gardner the balance of said $25.

"(7) I find that, after the death of V. Gray, on and just previous to April 8, 1898, one R. H. Deering was acting as the agent of the plaintiff herein, and transacting business for her, as her business manager, and that on said day and date last named the plaintiff herein, by her said agent, had an accounting and settlement with said Gardner for his services rendered in the Cooper note transaction, for which she then and there paid him $15 and took a receipt therefor, reciting that said sum was paid in full for all services rendered in said matter, and that Gardner at said time delivered a copy of said last named note to the said agent, which said copy was accompanied by an affidavit of its correctness.

"(8) I further find that after taking of said renewal note, aforesaid, fully hereinbefore described, that the same was burned and destroyed while in the office of the said Gardner, some time previous to the month of March, 1898, and that said note has never been paid, except in so far as the transfer of said Gardner's one-half interest, and that the said other half interest is still owing to the plaintiff herein, and that the said copy of said note was, previous to this suit, placed in the hands of English, Ewing & Walker, by the plaintiff, for collection, and the said attorneys are now prosecuting this suit for the collection of note for the plaintiff.

"(9) I find that said Gardner, when he made said transfer to the said Cooper of his one-half interest in said note, then and there agreed to deliver the possession of said note to the said Cooper, but he thereafter failed to produce said note, on account of it having been burned, and that the plaintiff by her agent Deering repudiated Gardner's transfer of one-half of said note to Cooper, and hence no settlement was ever made by the plaintiff and the said Cooper before the institution of this suit."

The only question raised on this appeal is whether or not Gardner, by the terms of the agreement between himself and V. Gray, became the owner of one-half of said note. We think the facts found by the trial court show beyond question that the note was in Gardner's hands as an attorney for collection only, and that he had no ownership nor interest in the note itself, but would only be entitled to one-half of the proceeds of the note if collected by him. Upon the death of V. Gray, Gardner's employment as attorney for the collection of said note ceased,

and upon the termination of his agency by the death of said Gray, he would only be entitled on a quantum meruit for the value of his services rendered in the prosecution of the collection of this note up to the time of the death of V. Gray. His claim against Gray's estate for the value of the services rendered by him could have been assigned, but this was not what appellee bought, and if such claim passed to him by the sale by Gardner of his interest in said note, appellant had no notice of such assignment when she paid said Gardner the $15 as a settlement in full for such claim, and the law will protect her in such payment. 30 Am. and Eng. Enc. of Law, 2 ed., 327, 328; Stark v. Hart, 22 Texas Civ. App., 543; Rev. Stats., art. 309.

We think the trial court erred in holding that appellee by his purchase from Gardner became the owner of one-half of said note, and its judgment will be reversed and here rendered in favor of appellant for the whole amount of principal, interest, and attorney's fees due upon said note, and all cost herein incurred.

*Reversed and rendered.*