CASE 18—ACTION BY WIDOWS' AND ORPHANS' HOME OF ODD FELLOWS, TO ENJOIN THE COLLECTION OF TAXES ON ITS PROPERTY—DEC. 3.

# Widows & Orphans' Home of Odd Fellows v. Bosworth, Sheriff.

APPEAL FROM· FAYETTE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

TAXATION—EXEMPTIONS—PRIVATE CHARITY.

Held: An institution intended to provide a home for destitute widows and orphans of deceased Odd Fellows of the State, and such other persons as that order may commit to its charge, is a private charity, and therefore not exempt from taxation under Constitution, sec. 170, exempting from taxation institutions of purely public charity.

HOBBS AND FORMER, FOR APPELLANTS.

The lower court sustained a demurrer to plaintiff's petition upon the ground that the petition shows on its face that appellant institution is not one of "purely public charity."

We contend the court erred in this ruling, and that our contention is sustained by abundant authority.

We maintain that appellant is a purely public charity within the meaning of the Constitution. Purely, has been held by this court, to be equivalent to wholly; wholly means in a whole or complete manner, entirely, completely, perfectly.

While it does not admit within its precincts the whole of humanity, of whatever kind or class. still it does admit and protect a certain portion of the whole public; that is, indigent widows and orphans of deceased Odd Fellows, and it must be remembered that there are more than 11,000 Odd Fellows in Kentucky, and more than 500,000 in the United States.

These beneficiaries constitute a part of the whole public. If appellant is not an institution of purely public charity within the meaning of the Constitution, then it may be said that charity, under our organic law, is required to bear the same burden as enterprises conducted for gain and profit—that those who give their money for philanthropic purposes and for the protection and maintenance of the unfortunate, and those who invest their means to increase their fortune, occupy the same

plane in law, and their status is equal under the Constitution. 100 Ky., 470, 506; 150 Pa. St., 565; 90 Pa. St., 21 Constitution, sec. 170.

W. P. KIMBALL, FOR APPELLEE.

(No brief.)

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The question to be determined in this case is whether appellant's property is exempt from taxation on the ground that the institution is one of purely public charity, under section 170 of the Constitution: "There shall be exempt from taxation public property used for public purposes; places actually used for religious worship, with the grounds attached thereto and used and appurtenant to the house of worship, not exceeding one-half acre in cities or towns, and not exceeding two acres in the country; places of burial not held for private or corporate profit, institutions of purely public charity, and institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education; public libraries, their endowments, and the income of such property as is used exclusively for their maintenance; all parsonages or residences owned by any religious society, and occupied as a home, and for no other purpose, by the minister of any religion, with not exceeding one-half acre of ground in towns and cities, and two acres of ground in the country appurtenant thereto; household goods and other personal property of a person with a family, not exceeding two hundred and fifty dollars in value; crops grown in the year in which the assessment is made, and in the hands of the producer; and all laws exempting or commuting property from taxation other than the property above mentioned shall be void. The General Assembly may authorize any incorporated city or town to exempt

manufacturing establishments from municipal taxation, for a period of not exceeding five years, as an inducement to their location." · Appellant is a corporation having its principal office and place of business at Lexington, Ky. The object of the corporation is to provide and maintain in the State of Kentucky a home for destitute widows and orphans of deceased Odd Fellows of the State, and such other persons as may be committed to its charge. It is the owner of about thirty acres of land lying partly in the city of Lexington and partly in the county of Fayette. On this real estate there are a three story brick building, and other necessary structures, used as a home for destitute widows and orphans. It also owns the furniture and furnishings in the house, about eighteen cows, and one horse and wagon, all used for the support and maintenance of the home and its inmates. There is no profit derived from the property. The corporation has no income except such as is derived from voluntary donations and an assessment of the Independent Order of Odd Fellows. There are now in the home sixteen children and one widow, all of whom are totally dependent upon charity.

It is evident, on these facts, that the institution is an admirable charity. but this is not enough to exempt it under the Constitution. It is not exempt unless an institution of purely public charity. In City of Newport v. Masonic Temple Ass'n., 21 Ky. Law Rep., 1785 (56 S. W., 405), (49 L. R. A., 252), this court said: "There are many commendable organizations owning a large amount of property, and doing often much work of benevolence, such as the Knights of Pythias, the Elks, the Odd Fellows, the Red Men, Sons of Temperance, and the like; but so long as they confine their beneficence to their own members or their widows and orphans, or are not designed for charita-

ble purposes purely public, they can not be regarded as institutions of purely public charity, within the meaning of our Constitution. To so hold would be to give substantially no effect to the words 'purely public' in that instrument, and leave few, if any, private charities which would not be exempt from taxation. The section is framed so minutely that it is impossible to escape the conclusion that it was designed to narrow exemptions from taxation, and to limit them to the objects expressly named. It must be fairly construed with a view to promote its purposes, and the exemptions allowed by it can not be extended by implication." At the time the Constitution was adopted much property in the State was escaping taxation. The purpose of section 170 was to remedy this evil. It exempts from taxation places actually used for religious worship, and residences owned by a religious society and occupied by the minister, not exceeding one-half acre in cities and towns, and two acres in the country. It exempts places of burial not held for private or corporate profit, institutions of purely public charity, and institutions of education not used for gain by any person or corporation. It is argued that institutions of charity are to be exempt when no gain or profit is made from them; but, in construing so solemn an instrument as the Constitution of the State, the court can not assume that words are used idly. Places of burial are exempted when not held for private or corporate profit, and institutions of education are also exempted when not used or employed for gain by any person or corporation; but as to institutions of charity a different phrase is used, and only institutions of purely public charity are exempted. The Constitution is not to be strictly construed, but fairly, and with a view to effectuate its intent. The framers of the Constitution knew very well there were many in-

stitutions of private charity which were doing much good,
and were maintained by voluntary contributions, without
gain or profit. If they had designed to exempt these in-
stitutions, they had only to retain the phraseology of the
law then long in force, which exempted "public schools,
churches, and all property of seminaries, asylums, hos-
pitals, infirmaries and colleges and all other funds devoted
to charitable purposes and church parsonages, public ceme-
teries, except those owned by joint stock companies or as-
sociations which declare a dividend.   Provided nothing
herein shall be construed as exempting any property which
is used or employed for gain of any person, nor any prop-
erty of which the products, rents or uses are not devoted
solely to the objects of the institution as contradistin-
guished from personal gain of the individuals connected
with the institution." General Statutes, p. 1036.    The
radical change that they made of phraseology, and the care-
ful limitations imposed, show not only an intention to ex-
clude from exemption much property that had been ex-
empt, but to define with great precision where exemptions
should cease. They evidently intended to change the rule
which exempted all property which was devoted to charita-
ble purposes, and from which no profit or gain was made,
and to exempt only institutions of purely public charity.
The purpose of the institution maintained by appellant
is to provide a home for the widows and orphans of the
Odd Fellows of the State. It is true that in the charter
the object of the corporation is stated to be to provide
and maintain a home for destitute widows and orphans of
deceased Odd Fellows of the State of Kentucky, and such
other persons as may be committed to its charge; but what
other persons may be committed to its charge, or when or
by whom, is not shown in the record. The fair meaning of

the clause is that the institution is to be a home for the destitute widows and orphans of the Odd Fellows of the State, and such other persons as they may commit to its charge. In other words, it is a charity maintained by the Odd Fellows for the benefit of such persons as they may see fit to admit to its enjoyment. This is strictly a private charity, and is not exempt from taxation by the Constitution.

Judgment affirmed, whole court sitting.

Chief Justice Paynter, dissenting.

Petition for rehearing by appellant overruled.