AGNES M. CAMPBELL v. MARTHA UPSON.

No. 1390. Decided February 13, 1905.

1.—Limitation—Deed—Description.

Where the deeds under which defendant claimed limitation under the three and five years statutes did not upon their face identify the land so claimed with that in controversy and its identity was a matter controverted by the evidence, proof of possession for the requisite period did not justify a peremptory instruction to find for defendants. (P. 448.)

2.—Res Adjudicata—Parties.

A judgment in favor of an intervener vesting in him title of all other parties to the suit to the land in controversy, did not conclude the heirs of one who had been made a party defendant and had died before judgment, where his death had been suggested but no service obtained upon his heirs. (Pp. 449, 450.)

**3.—Same.**

   A recital in the judgment that the other interests herein had been settled and disposed of, supported the presumption that the heirs of a defendant who died after having made answer in the suit, the record failing to disclose any service upon or appearance by such heirs, had been dropped from the suit and not the conclusion that they were parties to it and bound by the judgment.   (P. 450.)

   Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

   Campbell and others sued Upson and others for the recovery of land and appealed from a judgment for defendants.   The judgment being affirmed, appellants obtained writ of error.

   *Paschal & Ryan* and *J. D. Guinn,* for plaintiff in error.—Plaintiffs in this suit were in no way parties or in any manner bound by the decree rendered in favor of C. Upson on the 11th day of May, 1893, for the reason that no judgment was asked for against the original defendants in said suit, but simply against the plaintiffs and subsequent interveners, and upon having sued as intervener long after death of Robert Campbell, which could not be a suit against him or his heirs.

   Where the pleadings lay the basis for an issue and testimony is offered thereon the party making same is entitled to have it determined by a jury, and in this case plaintiffs were entitled to a judgment for the land in controversy, notwithstanding said C. Upson decree, provided it was either fraudulently included in the land in controversy or it was put in there by mistake, and the beneficiary at this time did not intend it.   As to character of possession:   Warren v. Frederichs, 83 Texas, 380; Eldridge v. Parish, 6 Texas Civ. App., 37; Daugherty v. Land Co., 61 S. W. Rep., 949; Sartain v. Hamilton, 12 Texas, 222; Gaither v. Hanrick, 69 Texas, 98; Louder v. Schluter, 78 Texas, 108; Houston v. Sneed, 15 Texas, 310.   As to Upson's admissions against interest being an issue which should have been submitted to the jury:   McGown v. Railway Co., 85 Texas, 292-3; Parker v. Chancellor, 78 Texas, 528; Underwood v. Coolgrove, 59 Texas, 168; Parker v. Leman, 10 Texas, 118.

   The rule in trespass to try title is that plaintiffs must show title good in them, either from the sovereignty of the soil or from a common source.   In the case at bar plaintiffs proved the former.   Now Upson undertook to show by possession based on his intervention judgment claim thereto.   But all the while he protested that notwithstanding such judgment he claimed only 695 acres, called for in his deeds, and if he had more than that quantity enclosed it was through mistake made by Giraud, a surveyor, and he had no title except to what his deeds called for.   So we have him repudiating claim under the judgment and asserting title only under his deeds.   This being the case the trial court should not have peremptorily instructed a verdict for Upson in the face of his solemn declarations repeatedly made that he claimed

only to the limits of his deeds, after it was shown that the tract in controversy was outside of these limits.

*Newton & Ward,* for defendant in error.—A judgment of a court of general jurisdiction upon a subject matter within the ordinary scope of its powers and proceedings is entitled to absolute verity in a collateral action, even where the record is silent as to notice. The presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence aliunde will not be admitted to contradict it. Endel v. Norris, 93 Texas, 540; Letney v. Marshall, 79 Texas, 515; Wilkerson v. Schoonmaker, 77 Texas, 617; Collins v. Miller, 64 Texas, 120; Martin v. Robinson, 67 Texas, 368; Long v. Brenneman, 59 Texas, 212; Fleming v. Seeligson, 57 Texas, 524; Treadway v. Eastburn, 57 Texas, 214; Crane v. Blum, 56 Texas, 329; Murchison v. White, 54 Texas, 82; Tennell v. Breedlove, 54 Texas, 543; Johnson v. Wilcox, 53 Texas, 421; Fitch v. Boyer, 51 Texas, 336; McClelland v. Moore, 48 Texas, 355; Milam County v. Robertson, 47 Texas, 23; East Texas L. & I. Co. v. Graham, 24 Texas Civ. App., 521; Cooper v. Mayfield, 57 S. W. Rep., 50; Greenway v. DeYoung, 9 Texas Ct. Rep., 581; Floyd v. Watkins, 9 Texas Ct. Rep., 593.

This assignment is predicated upon the trial court instructing the jury to return a verdict in favor of the defendant, because there was testimony that C. Upson did not claim said property, that he only had 965 acres in the Gonafacio Rodriguez survey, and only claimed the amount in his deeds, which was 695 acres, and that he did not claim the part in controversy, it appearing that he still had under fence, besides all the land in controversy, 695 acres. This question is absolutely immaterial, so far as this appeal is concerned. The trial court decided this case upon the ground that the undisputed evidence showed that the decree rendered in favor of C. Upson in consolidated suits Nos. 2074 and 2076 embraced the land in controversy and was conclusive in this action against plaintiffs, and for that reason instructed the jury for the defendant. If the court erred in this instruction, then this case will have to be reversed and remanded in order to try the question of title under the conveyances and the pleas of the statutes of limitation. If the trial judge was correct in instructing for the defendant on the ground hereinbefore stated, which we respectfully submit he was, then this judgment should be affirmed, irrespective of any other question involved in the case.

BROWN, Associate Justice.—On December 1, 1900, the plaintiffs filed their suit in trespass to try title against Columbus Upson and Martha Upson to recover a part of a survey made for G. Rodriguez and patented to G. W. Paschall, assignee. Defendant pleaded not guilty and especially limitations of three, five and ten years in proper form. Columbus Upson died before judgment.

The record shows the following facts: Robert B. Campbell acquired the land in question from G. W. Paschall, the patentee; Campbell died and the plaintiffs proved that they are his heirs.

Defendant presented the following evidence: First. A petition filed August 25, 1857, in the District Court of Bexar County, Texas, in a suit No. 2074, styled Adalicia Acklin v. Tignal Jones et al. The plaintiffs named in the petition were Adalicia Acklin and her husband, A. S. Acklin; the defendants were Tignal Jones, Robert S. Neighbors, Lucius Campbell, Joseph Beitel, F. S. Culbertson, Frank Butler, E. J. Culbertson, F. Gilbeau, J. Y. Dashiell, Robert B. Campbell and Samuel Leeper. The suit was to recover two leagues of land known as the Zambrano tract, which were properly described in the plaintiff's petition. Second. A petition filed on the 29th day of August, 1857, in suit No. 2076, styled Robert B. Barrow v. Robert S. Neighbors et al. The plaintiff named in the petition was Robert B. Barrow; the defendants were Robert S. Neighbors, Lucius Campbell, Robert B. Campbell, Joseph Beitel, W. W. White, Francis Gilbeau, Frank Butler, J. Y. Dashiell and his wife I. Z. Dashiell, Tignal Jones, E. S. and E. J. Culbertson, Thomas J. Devine and G. R. Devine, G. R. Judson, Joseph Devine and James M. Devine. This action was in the form of trespass to try title to recover the same land. In the former suit G. W. and I. A. Paschall, attorneys for defendants, filed an answer on the 6th day of October, 1857. At the June term, 1867, the death of Robert B. Campbell was suggested and an order to make his legal representatives parties was entered, but there is nothing in the record to show that a scire facias was ever issued to his heirs or legal representatives, nor that either of them ever appeared in the case or was represented by counsel therein. At the February term, 1875, the two cases were consolidated and thereafter appeared on the docket in the name of Adalicia Acklin et al. v. Tignal Jones et al., Nos. 2074 and 2076. The consolidated case was continued to make parties at each term to and including March term, 1875, and thereafter until the December term, 1877, the case was continued.

The record shows that the following judgments were entered in the consolidated case at the terms and between the parties named.

The defendant read in evidence the following orders of the court made in the consolidated case of Adalicia Acklin v. Tignal Jones et al., Nos. 2074 and 2076: A judgment between the plaintiffs, the interveners and defendant Sebastian Rippstein, which decreed to Rippstein a part of the land in controversy in that suit, which judgment was entered at the February term, 1878.

During the September term, 1879, there were entered in said consolidated suit three judgments as follows: (1) Between plaintiffs, the interveners and defendant E. J. Culbertson, a decree by which defendant recovered a part of the land. (2) A judgment between plaintiffs, the interveners and defendant, Chas. M. Terrell, decreeing to Terrell a part of said land. (3) A judgment was entered between plain-

tiffs, the interveners and defendant John Kampmann, whereby Kampmann recovered a portion of the land. All of these judgments were entered upon agreement made between the parties.

At the June term, 1880, of said court, a judgment by agreement between plaintiffs, the interveners and defendant A. L. Busch was entered in favor of the defendant for a portion of the land.

At the September term, 1881, by agreement between the parties the court entered judgments (1) between plaintiffs, the interveners and defendant A. Ritterman, decreeing that defendant recover a portion of the land in suit. (2) Between Fannie Nechlin and her husband and George R., T. P., A. W., M. A. and C. L. Dashiell, whereby defendants recovered a part of the land. (3) A decree between plaintiffs, the interveners and defendant Esther I. Dichert was entered adjudging to defendant a portion of the land.

At the December term, 1886, upon an agreement between plaintiffs, the interveners and defendant Amanda C. Harris, the court gave judgment in favor of the defendant for a portion of the land. In all of the said judgments the land adjudged to defendants was properly designated and taken out of the lands involved in the suits.

On the 10th day of May, 1893, the court entered a judgment in which the following recital was made: "This cause coming on to be heard, and being regularly called for trial and the parties failing to appear, except the heirs of Pleasant B. Cocke, by their attorneys, and the intervener C. J. Haas by his attorney, the other interests herein having been settled and disposed of and the matters of the intervention of said C. J. Haas having been duly submitted to the court," etc., the court proceeded to decree to Haas 100 acres out of the land in controversy.

On the same day another decree was entered in the said cause with a like recital, except Joseph Wolzan was intervener, and the court decreed to him 230 acres, properly described.

On the 11th day of May, 1893, C. Upson filed in said consolidated cause a petition of intervention containing the following allegations:

"Now comes C. Upson, a resident of Bexar County, Texas, and by leave of the court first had and obtained, intervenes in the above consolidated and entitled suits and for plea of intervention therein, says that he, the said C. Upson, is the lawful owner and holder and seized and possessed of the absolute title in fee simple of the following portion of land described in plaintiff's petition, being a part of the tract of land originally granted by patent from the State of Texas, No. 457, vol. 8, bearing date June 14th, 1850, to the assignee of Gonafacio Rodriguez." (A description of the land is here omitted.) "Wherefore premises considered your intervener prays that he have judgment in his favor against all of the plaintiffs and the other interveners in this suit removing the cloud to and quieting the title in his title to the aforesaid land and vesting in him full and complete title thereto, and for all costs of suit. and for general and special relief."

On the 11th day of May, 1893, the same day the petition of intervention was filed, the following judgment was entered in said cause:

"This cause coming on to be heard and being regularly called for trial and the plaintiffs and interveners in this suit excepting the intervener therein, C. Upson failing to appear and further prosecute their said suit, and it appearing to the court that all of the matters and issues in controversy between all of the parties, plaintiffs, interveners and defendants in this suit, exceping as to said intervener, C. Upson have been fully settled and disposed of; and the matters and issues set forth in the plea of intervention of the said C. Upson having been duly submitted to the court, and the court having heard the evidence and duly considered thereof, it is ordered, adjudged and decreed by the court that the title to the land described in the plea of intervention of said C. Upson" (a description of the land is here omitted) "be and the same, said title to said land hereinbefore described, is hereby divested out of all of the plaintiffs and other interveners and parties to this suit and fully vested in said intervener C. Upson, and it is further ordered and adjudged that a writ of posesssion be and is hereby awarded and do issue by the clerk of this court, directing the sheriff of this county to put the said intervener C. Upson in the peaceful and quiet possession of said land and that said intervener C. Upson recover of the plaintiffs and other interveners his costs of suit, and it is further adjudged that the plaintiffs and interveners in this suit other than the said intervener C. Upson pay all costs of suit for which let execution issue, and that as to all other matters and issues devolved between all of the parties in such consolidated suit, the same having heretofore been fully and finally determined and disposed of, excepting as in this judgment and decree hereinbefore set forth and fully and finally determined and disposed of, said suit be and is hereby dismissed."

There is nothing in the record to show that the heirs of Robert B. Campbell were served with citation upon the petition of intervention, nor that they were present in said court or had participated in any of the proceedings of the court at any previous time.

Upson owned 695 acres of the land of the same survey adjoining that for which he recovered judgment. He inclosed the 695 acres and the land here sued for under the same fence and occupied and used the land from the time the inclosure was made until this suit was filed. The evidence was conflicting as to the time the fence was built around the land. The jury might have found from the evidence that Upson inclosed the land as early as the year 1889, or they might have found that he did not inclose it prior to 1893. There is evidence upon which the jury might have found that Upson paid the taxes on the land from the time he inclosed it up to the time the suit was brought. On the other hand, there is evidence which tends to show that he did not pay the taxes on the land in question in this suit for any year. The testimony would have justified the conclusion that Upson claimed to own the land from the time he inclosed it until he conveyed the same, but

there is likewise evidence sufficient to show that he did not claim to own the land prior to the year 1900, a short time before this suit was instituted.

The trial judge instructed the jury to return a verdict for the defendant, which was done, and judgment was entered in accordance therewith, which judgment was affirmed by the Court of Civil Appeals.

Two questions present themselves for our decision: First, does the evidence show conclusively that the claim and right of the plaintiffs was barred by the statute of limitation when the suit was brought? Second, if the right was not barred by the statute of limitation, then was the right of recovery in this case barred by the judgment rendered in Upson's favor on the 11th day of May, 1893, in the consolidated suits Nos. 2074 and 2076.

In their opinion on the motion for rehearing the honorable Court of Civil Appeals uses this language: "The failure to submit the question of limitations to the jury could not possibly have injured appellants. If the issue had been submitted the jury must necessarily have found in favor of the appellee on that question as well as the question of former adjudication." If it be true that the testimony conclusively shows that the plaintiffs' right to recover the land in suit was barred by the statutes of limitation of three, five or ten years, then the judgment of the court must be sustained without regard to the bar of their right by the former judgment pleaded by the defendant.

The defendant offered a chain of title from the sovereignty of the soil to herself, which was objected to by the plaintiffs in the court below, because the several instruments did not purport to convey and did not in fact describe the land in controversy. The candor of counsel for the defendant in error saves us the labor of investigating that question further, by this admission contained in their brief in the Court of Civil Appeals on page 23: "It was a controverted issue in this case as to whether the said deeds did not convey the land in controversy and they were admissible in evidence on that issue. The court could not determine, as a question of law, before the evidence was in, whether they did or not convey the land in controversy." The identity of the land described in the several deeds with the land in controversy being in dispute, the court could not take that issue from the jury and instruct them to find for the defendant upon that issue, hence as to the question of limitation of three and five years, the charge of the court was erroneous.

It remains to be determined whether the evidence on the issue of limitation of ten years was so conclusive against the plaintiffs as to justify the peremptory charge to find for the defendant. The testimony was conflicting as to the time when Upson took possession of the land, and there was ample proof to have justified the jury in finding that such possession was not begun by him prior to the year 1893. This suit was begun December 1, 1900, hence the jury could have found from the evidence that the defendants had not been in actual possession of the

land for the period of ten years before the institution of this suit. The evidence made an issue as to the possession of the land and that question should have been submitted to the jury unless it be true, as we are inclined to think, that the judge who tried the case based his instruction upon the proposition that the right of plaintiffs to recover was barred by the former judgment.

In order that the judgment pleaded by the defendants should bar the recovery in this case, it was necessary that the plaintiffs or their ancestor should have been a party or parties to the proceedings and that their rights should have been adjudicated and determined by that judgment. If the judgment in question had been entered against Robert B. Campbell it would have barred the plaintiffs, because he had answered, and the fact that he was dead when the judgment was entered would not make it void. If the judgment were against the plaintiffs and determined the issue of title between them and Upson, then a court would presume the existence of all facts necessary to sustain that judgment, but to give the judgment that effect and to entitle it to the support of that presumption it must appear from the record that the plaintiffs were parties to the suit and that their rights were adjudged in that proceeding. 2 Black on Judgments, sec. 534. That author states the rule thus: "To ascertain the extent of the effect of a judgment or decree, in relation either to the matters thereof or parties thereto, the record of the suit in which it may have been rendered or pronounced should be explored. It affords the information most, if not solely, to be relied upon, in the progress of such an inquiry. The law imputes to the record absolute verity and will not permit the matter which it imports to be gainsaid or traversed. And hence results, as we believe, the rule that none are to be considered as parties to a suit, and bound in that character by a judgment or decree therein, but those who are named as such in the record thereof." Allin's Heirs v. Hall's Heirs, 1 A. K. Marshall, 391. There are exceptions to this general rule, but the facts do not bring this case within any exception. An inspection of the judgment shows that it does not purport to adjudicate the rights of the plaintiffs, nor of their ancestor Robert B. Campbell; the language by which the title is divested out of the one party and vested in the other is as follows: "Said title to said land heretofore described is hereby divested out of the plaintiffs and other interveners and parties to this suit and fully vested in said intervener C. Upson." To include the plaintiffs in this judgment the court must presume that the trial court, by the use of the word "parties," intended to embrace Robert B. Campbell, who was dead, or the plaintiffs, his heirs, who had never been served with a scire facias and had not appeared so far as the record of the case shows. To reach such a conclusion as to plaintiffs, the court must base that presumption upon a presumption that the plaintiffs had been served with a scire facias, or that they had voluntarily appeared in person or by attorney. This would be in conflict with

98 Sup.—29

the familiar rule, that one presumption can not be based upon another. But we are of the opinion that it is not necessary to resort to presumptions in this case to ascertain what was the real purpose of the court in entering the judgment in favor of Upson. We will recapitulate briefly some of the evidence. It appears that in 1867 the death of Robert B. Campbell was suggested and scire facias ordered to issue to his legal representatives. The case was continued for about eight years for service, and was thereafter continued for several succeeding years before there was any action had. The first order that appears in evidence was a severance as to Rippstein, one of the defendants, and final judgment entered as between him and the plaintiffs and interveners. There were eight such judgments entered at different times, whereby the right of a single defendant was adjudicated; finally, there were two judgments entered, by each of which the issue of title between one intervener and the plaintiffs in that suit was adjudicated with this declaration expressed in the face of each judgment: "The other interests, herein having been settled and disposed of." In the judgment which is pleaded in bar, it is declared and recited that nobody appeared except Upson and the heirs of P. B. Cocke (presumably plaintiffs), "and it appearing to the court that all of the matters and issues in controversy between all of the parties, plaintiffs, interveners and defendants in this suit, excepting as to said intervener, C. Upson, have been fully settled and disposed of," etc. This state of facts can justify no other conclusion than that the heirs of Robert B. Campbell had never been served; that they had never appeared, and that the case had been dropped as to them; for if they had been continued as parties, assuredly there would have been some mention of them and some disposition of their interest expressed in the record before the court declared that the interests of all defendants had been settled and adjudicated, which is rendered well nigh conclusive by the fact that Upson sought no relief against anyone except the plaintiffs in that suit and the interveners therein.

The former judgment pleaded by defendant did not adjudicate the rights of the plaintiffs in the land in question, therefore did not operate as a bar to their right of recovery in this action, and it was error for the court to charge the jury to find for the defendant, for which error it is ordered and adjudged by the court that the judgment of the District Court and of the Court of Civil Appeals be reversed and this cause remanded to the District Court of Bexar County from which it came.

*Reversed and remanded.*