Fred BROOKS et al., Appellants,

v.

O. G. HALE, Appellee.

No. 487.

Court of Civil Appeals of Texas, Tyler.

July 16, 1970.

Rehearing Denied Aug. 13, 1970.

Spiller & Spiller, John P. Spiller, Houston, for appellants.

James N. Phenix, Henderson, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment. An examination of the record in this case shows that on February 18, 1954, in Cause No. 8163, Third District Court of Houston County, Texas, Cornelius Brooks and others sued O. G. Hale and others for title and possession to 80 acres of land in Houston County; O. G. Hale duly and timely filed his answer; Cornelius Brooks died intestate in Dallas County, Texas, on or about August 9, 1954; and no administration was had on his estate. The record also shows that on February 12, 1968, O. G. Hale, defendant, recovered a take nothing judgment as to all the plaintiffs including Cornelius Brooks; that O. G. Hale having been the only defendant served with citation, the cause of action against the other defendants was dismissed. The above cause of action, No. 8163, was filed by F. P. Granberry, the attorney representing the plaintiffs. O. G. Hale's answer was filed by attorney Earl P. Adams on May 5, 1954.

On October 23, 1967, John P. Spiller of the law firm of Spiller & Spiller of Houston, Texas, wrote a letter to Mr. O. G. Hale advising him that he represented some of the heirs of Green and Mary Brooks who owned an undivided interest in 80 acres of land near Crockett; that he understood that he (O. G. Hale) also owned an interest in the tract of land; that his clients were interested in clearing their title as soon as possible and had employed him to represent them. In the letter, he also requested Hale to let him know his position as to the ownership of the tract of land and, if possible, suggest some method of resolving the title questions. On November 1, 1967, James N. Phenix, an attorney of Henderson, Texas, replied advising Mr. Spiller that Hale had handed him his letter of October 23, 1967, and further that Mr. Hale had possession of the land in question and claimed title to all of the land in question; that he would appreciate hearing from Mr. Spiller concerning this matter at his earliest convenience. On November 3, 1967, Mr. Spiller replied by letter wherein he stated:"I represent the children of Lewis C. Brooks who was one of the children of Green and Mary Brooks. Lewis C. Brooks died a number of years ago and his children wish to clear title to the land inherited by him from his parents. Please let me know when you will be available to discuss this matter fully." Thereafter, no further correspondence was had between the parties. Lewis C. Brooks and Cornelius Brooks is one and the same person.

On March 13, 1968, Mr. Spiller, on behalf of the appellants, filed a trespass to try title suit, No. 9298, in the Third District Court of Houston County, Texas, styled Fred Brooks et al v. O. G. Hale involving the title to the same land as that involved in Cause No. 8163. The appellee, through his attorney, James N. Phenix, duly and seasonably filed his answer on March 28, 1968. Thereafter, on March 24, 1969, appellee filed his motion for summary judgment. On March 20, 1969, about one year after the filing of appellee's answer in Cause No. 9298, appellants' attorney, Spiller, was advised by appellee's attorney, Phenix, that a judgment had been entered in Cause No. 8163 in favor of appellee and against those under whom appellants claim. As we understand the record, this was appellants' first notice or knowledge of the existence of Cause No. 8163 or of the judgment rendered therein on February 12, 1968. Even though appellants' attorney corresponded with appellee and

his attorney in October and November of 1967, advising them that Lewis C. (Cornelius) Brooks was deceased, that he represented the deceased plaintiff's heirs who claimed to own an undivided interest in and to the 80 acres of land in controversy, and by such correspondence was seeking to clear title to their alleged undivided interest therein, neither appellee nor his attorney advised appellants' attorney of the existence of cause of action No. 8163 then pending on the docket of the Third District Court of Houston County or of the judgment therein. Insofar as this record shows, the trial court nor attorney F. P. Granberry was ever apprised by appellee's attorney Phenix or anyone else of the correspondence between Phenix and appellants' attorney (Spiller) which would have revealed the reported death of Lewis Cornelius Brooks on August 9, 1954, long prior to the February 12, 1968 judgment in Cause No. 8163. Upon learning of the judgment in Cause No. 8163, appellants on the 23rd day of May, 1969, dismissed their suit in Cause No. 9298 in the Third District Court of Houston County.

On May 16, 1969, appellants filed a sworn petition for a bill of review in the Third District Court of Houston County, being Cause No. 9403, seeking to set aside the judgment in Cause No. 8163 and attached thereto an affidavit by F. P. Granberry dated May 16, 1969, and a copy of the judgment in Cause No. 8163. Appellee, on May 17, 1969, filed his answer thereto. Thereafter, on June 19, 1969, the appellants filed their first amended original petition for a bill of review. F. P. Granberry in his affidavit stated: "I did not participate in the proceedings leading up to this judgment (judgment in Cause No. 8163) and state that it was done without my knowledge. I do not now recall having any knowledge that this matter was set for trial on that date. I did see O. G. Hale and another gentleman in Court about that time bud do not know if was on that date or not. If I was given any notice of any hearing or trial I have forgotten about it.

It is my recollection that no such notice was given me."

Appellee in his answer filed May 17, 1969, in Cause No. 9403, alleged " * * * that cause No. 8163 was concluded by final judgment on February 12, 1968 and therefore, such judgment is res judicata to the petition in the matter of a bill of review, or in the alternative, O. G. HALE urges that such final judgment is a bar to the cause of action to petitioners." Thereafter on July 17, 1969, appellee filed his motion for summary judgment in Cause No. 9403 and attached thereto (a) certified copies of all pleadings and final judgment in Cause No. 8163, (b) all pleadings, interrogatories by the appellee O. G. Hale propounded to the appellants and their answer thereto, abstracts of title and demands of abstracts of title, motion for summary judgment in Cause No. 9298, affidavit in support of said motion for summary judgment of O. G. Hale, filed in Cause No. 9298 and all exhibits attached to such motion for summary judgment, an order granting non-suit of plaintiffs and certified copies of all pleadings in Cause No. 9298, styled Fred Brooks et al v. O. G. Hale, and (c) affidavit of O. G. Hale attached to the motion for summary judgment filed in Cause No. 9403. On July 24, 1969, appellants filed their sworn answer to appellee's motion for summary judgment in Cause No. 9403, alleging therein that material and genuine fact issues are raised by the pleadings. Attached to appellee's motion for summary judgment in Cause No. 9403 and made a part thereof was a copy of appellants' original petition for a bill of review which was sworn to wherein it is alleged that Lewis Brooks (also known as Cornelius Brooks) died on August 9, 1954, and that no administration was had upon his estate. After a hearing on appellee's motion for summary judgment in Cause No. 9403, said motion was by the trial court denied on July 25, 1969.

On August 5, 1969, appellee filed what is denominated as a supplemental motion for

summary judgment and attached thereto only, in support of such motion, an affidavit by F. P. Granberry dated August 5, 1969, which reads as follows:

"NO. 9403

| | |
|---|---|
| "Fred Brooks, et al | "In the District Court |
| vs. | Houston County, Texas |
| "O. G. Hale | Third Judicial District |

"AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT"

"STATE OF TEXAS
"COUNTY OF HOUSTON

"BEFORE ME, the undersigned authority, on this day personally appeared FRANK P. GRANBERRY, known to me to be a credible person who took oath and said the following:

"I am FRANK P. GRANBERRY, a practicing attorney, licensed to practice law in and before the District Court of Houston County, Texas. I have not been convicted of a felony.

"I am the attorney representing the Plaintiffs in Cause No. 8163 styled 'Cornelius Brooks, et al v. O. G. Hale, et al' in the District Court of Houston County, Texas.

"On January 18, 1968, I received the notice of setting in Cause No. 8163 on February 12, 1968, at 9:00 a.m. on the non jury docket, copy of which is attached hereto as Exhibit 'A'. On February 12, 1968, at 9:00 a.m. I was present in the District Court of Houston County, Texas, when Cause No. 8163 was called for trial. I had not been in touch with the Plaintiffs for a long time and was unable to locate them. When the Court called the case for trial and the Plaintiffs and the Defendant, O. G. Hale, announced ready for trial since I had not been able to get in touch with the Plaintiffs and had not been in touch with them prior to the trial, I could not prove their title, if any, to any property described in Plaintiffs' Original Petition. Therefore, the Court entered a take nothing Judgment against the Plaintiffs. I did not file a Motion for Continuance when the case was called for trial. I was there in open Court when the Defendant was putting on his evidence. The entire proceeding did not last over 10 minutes.

"Judge Wayne Lawrence then entered the Judgment which is shown as Exhibit 'B', attached hereto.

"Further, affiant sayeth nothing.

" /s/ Frank P. Granberry
" Frank P. Granberry

"SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, by FRANK P. GRANBERRY, on this the 5 day of August, 1969, to certify which witness my hand and seal of office.

" /s/ Rubie Petty
(Seal)     "Notary Public, Houston County Texas"

On December 19, 1969, judgment was entered granting appellee's motion for summary judgment. It is from this judgment that the appellants have appealed.

■ The attorney-client relationship between F. P. Granberry and Cornelius Brooks terminated upon the death of Cornelius Brooks on August 9, 1954. Therefore, upon the death of Cornelius Brooks, the employment of F. P. Granberry as his attorney to continue to act for or represent him in Cause No. 8163 ceased and said attorney afterwards had no authority to appear in the suit on behalf of Cornelius Brooks. Stark v. Hart, 22 Tex.Civ.App. 543, 55 S.W. 378 (1900, n.w.h.); Gray v. Cooper, 23 Tex.Civ.App. 3, 56 S.W. 105 (1900, n.w.h.); 7 Tex.Jur.2d, p. 73, Sec. 33. There is an exception to this rule but the record does not disclose that it is applicable to this case.

It is conceded that the heirs of Cornelius Brooks did not appear in Cause No. 8163 pending in the Third District Court of Houston County, Texas, to make suggestion of the death of Cornelius Brooks, and therefore such heirs were not made parties plaintiff. Since the appellants failed to do so, if the defendant-appellee desired to have the suit disposed of, then under Rule 151, T.R.C.P.[1] he was required to make application to the Clerk of the Court in which the suit was pending who would have been required to issue a scire facias for the heirs of Cornelius Brooks requiring them to appear and prosecute such suit. This the appellee did not do. If the appellee had followed this procedure as provided in Rule 151, supra, then upon service of such scire facias, if the heirs of Cornelius Brooks had failed to enter an appearance within the time provided, appellee Hale may have had his suit dismissed. We find no provision or language in Rule 151, supra, that would allow or authorize the appellee to take judgment against Cornelius Brooks as was done in Cause No. 8163.

■ Since appellants were not parties in Cause No. 8163, they were not bound by the judgment entered therein. Underwood v. Pigman, 32 S.W.2d 1102, 1104 (Tex. Com.App., 1930, holding approved); Campbell v. Upson, 98 Tex. 442, 84 S.W. 817 (1905).

■ The judgment entered on February 12, 1968, in Cause No. 8163 in the Third District Court of Houston County, Texas, is not a void judgment, it is only voidable. 34 Tex.Jur.2d, p. 277, Sec. 311, notes 12, 13 and 14; Gracey v. West, 422 S.W.2d 913, 915 (Tex.Sup., 1968); French v. Brown, 424 S.W.2d 893 (Tex.Sup., 1967). Therefore, appellants' suit in the nature of a bill of review was the proper method to have the judgment set aside after term time and after it had become final. Looney v. First National Bank of Floresville, 322 S.W.2d 53, 56 (Tex.Civ.App., San Antonio, 1959, writ ref., n. r. e.); McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961); Rule 329b, par. 5, T.R.C.P.

Appellants, in their first amended original petition for bill of review alleged that the land in question was conveyed to Green Brooks and wife, Mary Brooks, on October 23, 1877, and that they were the parents of Lewis Cornelius Brooks, Issaac Nathaniel Brooks, Ida Brooks, Merrena Brooks and Della Brooks; that both Green Brooks and Mary Brooks died intestate and no administration was had on their estates; that the above-named persons were the heirs at law and each entitled to share equally in the

---

1. "If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and suggestion be made at the first term of the court after the death of the plaintiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit discontinued."

estate of Green Brooks and Mary Brooks. It was further alleged that Lewis Cornelius Brooks purchased and acquired the undivided interest of Merrena Brooks on or about February 1, 1930; and that upon the death of Issaac Nathaniel Brooks, on or about the year 1948, Lewis Cornelius Brooks and Merrena Brooks as heirs at law, inherited an additional undivided interest in the undivided interest owned by Issaac Nathaniel Brooks in the estate of Green Brooks and Mary Brooks. Appellants also pleaded the ten year statute of limitations.

 In determining the matter of rendering or affirming a summary judgment in favor of a party, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup., 1970); Harrington v. Young Men's Christian Association of Houston and Harris County, 452 S.W.2d 423 (Tex. Sup., 1970); Rule 166–A(c), Texas Rules of Civil Procedure.

In moving for summary judgment, the defendant-appellee assumed the burden of showing as a matter of law that plaintiffs-appellants had no cause of action against him. Gaddis v. Smith, 417 S.W.2d 577, 582 (Tex.Sup., 1967).

For appellee to discharge this burden, he was required to show that as a matter of law (1) that appellants had no meritorious cause of action, (2) which they were prevented from making by the fraud, accident or wrongful act of the opposite party (3) unmixed with any fault or negligence of their own. Gracey v. West, supra. After examination of the entire record before us, it is our opinion that the appellee did not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements required before appellants could successfully invoke a bill of review to set aside the final judgment against them in Cause No. 8163.

Judgment is reversed and the cause remanded to the trial court for a hearing on appellants' bill of review.