**AUSTIN, Banking Com'r, v. CONNER & McRAE.　(No. 1915.)***

(Court of Civil Appeals of Texas. El Paso. Nov. 11, 1926. Rehearing Denied Dec. 2, 1926.)

**1. Attorney and client ⬅165—Petition for attorney's services held subject to special exception for want of particularity as to time and character of services.**

Petition of attorneys seeking to recover for services *held* subject to special exception for want of particularity as to time and character of services rendered in connection with various notes and items of collection referred to in exhibit attached to petition.

**2. Limitation of actions ⬅50(3)—In absence of agreement to contrary, attorneys could demand payment as to each item of service upon performance, and two-year statute of limitation began to run from that date.**

Where legal services were shown to be rendered and completed at different times in connection with various items intrusted, attorneys, in absence of agreement to contrary, were entitled to demand payment as to each item of service upon performance, and two-year statute of limitations began from that date.

---

3. **Evidence** ⊜⇒357—Admitting letters written by attorneys to defendant banking commissioner, giving schedule of their fees and understanding of contract of employment, held not erroneous.

In attorneys' action for services rendered to banking commissioner under contract implied in fact, admitting letters written by attorneys to commissioner, giving schedule of their fees for various services and understanding of employment, *held* not erroneous, where they were written at request of commissioner and thereafter commissioner intrusted additional business to them.

4. **Attorney and client** ⊜⇒166(3)—Commissioner's agreement to schedule of fees for legal services may be proven, and if charges are reasonable and approved by court, agreement is binding (Complete Tex. St. 1920, art. 467).

Banking commissioner's agreement to schedule of fees of attorneys rendering services may be proven, and if charges are reasonable and agreement is approved by court, it is binding on commissioner, notwithstanding Complete Tex. St. 1920, art. 467.

5. **Attorney and client** ⊜⇒166(2)—Bills presented by attorneys and canceled checks in payment thereof held admissible to show terms of employment.

In attorneys' action for services rendered banking commissioner, bills presented by plaintiffs and canceled checks paying same *held* admissible to show terms of employment.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Conner & McRae against Chas. O. Austin, Banking Commissioner. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Spencer & Rogers, of San Antonio (W. J. Rogers, of San Antonio, of counsel), for appellant.

Conner & McRae, of Eastland, pro se.

HIGGINS, J. This suit was brought May 20, 1925, by Conner & McRae, attorneys at law, against the banking commissioner, to recover the sum of $8,873.95 for legal services rendered the commissioner and his predecessors in office in connection with the liquidation of a state bank in the hands of the commissioner for liquidation. It was alleged the commissioner employed the plaintiffs shortly after August 2, 1921, to perform duties of a legal character in liquidating the affairs of the bank without any agreement as to the fees to be paid; that plaintiffs proceeded to perform the duties intrusted to them and charged therefor their usual fees, which were recognized and acquiesced in by said commissioner. The case was tried without a jury, and judgment rendered in favor of the plaintiffs for $5,747.57, and the commissioner appeals.

Our conclusions of law disposing of the questions presented are as follows:

[1] 1. The petition is not subject to general demurrer; it is subject to special exception for want of particularity and certainty with respect to the time and character of the services rendered in connection with the various notes and items of collection referred to in the exhibit attached to the petition, but no special exception of any character was presented.

[2] 2. The court erred in its ruling that none of the items sued for were barred by the statute of limitation. If the evidence had disclosed a contract between the parties whereby the plaintiffs were not to be paid for their services until the final liquidation of the bank, or until all of the services required of them had been performed, then their right of action would not have accrued until the date the contract was terminated shortly before the filing of the suit. But nothing of the kind is shown. The evidence shows services rendered and completed at different times in connection with various items of collection and other business intrusted to the plaintiffs. In the absence of an agreement to the contrary, the plaintiffs were entitled to demand payment as to each item of service upon performance, and the two-year statute of limitation began from that date. Lowe v. Dowbarn, 26 Tex. 508; Jones v. Lewis, 11 Tex. 359; Montgomery v. Brown (Tex. Civ. App.) 31 S. W. 1084; Mott v. Riddell, 2 Posey Unrep. Cas. 107. The error with respect to limitation requires retrial, for in the state of the findings of fact this court is unable to determine which of the barred items were awarded by the judgment.

[3] 3. With respect to the action of the court in admitting certain letters written by the plaintiffs to the commissioner, wherein they gave the schedule of their fees for various services and their understanding of the contract of employment, we are of the opinion that as to certain of the letters they were properly admitted in evidence for the reason that the same were written at the request of the commissioner for a statement of what their charges would be and the terms of their employment, and there is evidence that thereafter the commissioner intrusted additional business to them, thus showing implied assent by the commissioner. The petition charges acquiescence by the commissioner in the schedule of fees, and this shows a contract implied in fact. If the action were based solely upon a quantum meruit, the letters would not be admissible. They would be self-serving (Curtsinger v. McGown [Tex. Civ. App.] 149 S. W. 303), and would not prove the reasonableness of the charges sued for. But under the allegations of acquiescence by the commissioner and evidence supporting the same, the letters were admissible as showing assent implied in fact.

[4] We do not desire to be understood as

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

holding that the acquiescence of the commissioner in the schedule of charges would be sufficient of itself to maintain the action without regard to the reasonableness of the charges. The authority of the commissioner to fix compensation to counsel is limited and is subject to the approval of the court. Article 467, Complete Texas Statutes 1920. But an agreement to a schedule of fees by the commissioner, express or implied in fact, may be proven, and if the charges are shown to be reasonable and the agreement is approved by the court, it is binding upon the commissioner.

[5] 4. The court erred in excluding bills presented by the plaintiffs and canceled checks paying same. They were admissible as a circumstance tending to show the terms of the employment and in support of the defendant's theory that the collections intrusted to them were to be handled upon a contingent basis.

5. The other questions presented by appellant are regarded as without merit and call for no discussion.

Reversed and remanded.