**John C. McADAMS, Appellant,**

v.

**V. C. BROWN, Appellee.**

**No. 15123.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 7, 1967.

Rehearing Denied Jan. 4, 1968.

John Shirley, Roland Matthews, Texas City, for appellant.

V. C. Brown, pro se.

COLEMAN, Justice.

This is a suit for attorney's fees brought in the County Court No. 1 of Galveston

---

* V.A.T.S., Probate Code, § 57.

County, Texas. It was defended on the basis of the statute of limitation of two years. The trial court entered a judgment for the plaintiff after a trial to a jury.

The plaintiff pled that on or about the 22nd day of February, 1963, the defendant "employed" the plaintiff "to represent the said defendant, as owner and lessor of the 'V' Cafe * * * in Texas City, Texas, and the plaintiff attorney was to render and perform legal services and give advice to said employer defendant, at the request of and on behalf of said employer defendant. Further, for which employment contract the defendant obligated himself and did agree to pay to said plaintiff a reasonable sum of money * * * commensurate with the service rendered, the time involved, and the expense and cost to the attorney, in performing at the request of defendant * * *"

In response to a special exception filed by the defendant, plaintiff filed a supplemental petition, to which was attached an exhibit detailing various services rendered to the defendant together with the dates on which such services were rendered. This exhibit reflects that between the dates March 10, 1963 and November 20, 1963 plaintiff had conferences with the defendant generally relating to the cafe, investigated certain people, prepared a preliminary and final draft of a lease, advised defendant concerning a sales contract, made several trips to Houston and Galveston at defendant's request, and performed various similar services for the defendant. It further reflects that on December 10, 1963 he conferred with defendant relative to delinquent rent and the bankruptcy proceeding in which his tenant was involved, and that on March 11, 12 and 16, 1964 he went to the cafe with W. D. Slaton with reference to lease/purchase of "V" Cafe. This general statement followed: "The above does not represent completely the number of phone calls and office visits McAdams made to

VCB, nor does it represent the number of times that McAdams promised VCB that he would pay him."

Plaintiff's original petition was filed November 22, 1965. The jury found that the plaintiff, V. C. Brown, was employed under a general agreement to represent defendant, John C. McAdams, in various matters without any agreement as to time and mode of payment. It found that "the fair and reasonable and necessary value of the legal services rendered" by plaintiff to defendant before November 22, 1963, was $709.00, and that the fair, reasonable, and necessary value of services rendered after that date was $-0-.

■ This case is complicated by the fact that there is no statement of facts. In such a case we must indulge all reasonable presumptions in favor of the judgment rendered. Boyd v. Robinson, 304 S.W.2d 430 (Tex.Civ.App., Waco 1957).

The judgment entered by the trial court recites: "* * * it appearing to the Court that in compliance with said verdict of the jury, and under said verdict, Plaintiff is entitled to judgment; * * *"

■ The jury found that there was a general agreement to represent the defendant in various matters without any agreement as to time and mode of payment. The presumption is that the evidence supported this finding of the jury, and, indeed, it is supported by the plaintiff's pleadings on which the trial was had. Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946). The trial court did not disregard this finding of the jury, but expressly based his judgment thereon. Under these circumstances, and in view of the pleadings of the parties, it would be unreasonable to presume that the judgment of the trial court is supported by some independent ground of recovery established by the undisputed evidence. See McPherson v.

Black, 346 S.W.2d 615 (Tex.Civ.App., Waco 1961, writ ref., n. r. e.).

■ The general rule of law applicable to this case is stated in 54 C.J.S. Limitations of Actions § 135 b, p. 55, as follows:

"Where an attorney is retained to perform legal services for a client in some particular matter, his right to compensation accrues and the statute begins to run when the services are rendered, but not until then, although the contract of retainer is not terminated; and the same is true where different, independent items of services are rendered on different occasions, the statute beginning to run as to each item of service from the time it is performed."

This rule is supported in Texas by numerous cases, including: Jones, Adm'r v. Lewis, 11 Tex. 359 (1854); Montgomery v. Brown, 31 S.W. 1084 (Tex.Civ.App., 1895); Stark v. Hart, 22 Tex.Civ.App. 543, 55 S.W. 378 (1900); Austin v. Conner & McRae, 288 S.W. 552 (Tex.Civ.App., El Paso 1926, writ ref.); Caldwell v. Jones, 63 S.W.2d 761 (Tex.Civ.App., Amarillo 1933, writ ref.).

■ The amount found by the jury to be the reasonable value of plaintiff's services was also found to be for services which were rendered more than two years prior to the institution of this suit. The plaintiff failed to secure a finding that he rendered services of value to the defendant that were not barred by the two year statute of limitation.

The verdict of the jury does not support the judgment entered by the Trial Court. The judgment is reversed and judgment is here rendered that the plaintiff take nothing.

Reversed and rendered.

PEDEN, J., not participating.