**R. Noble HARRIS, dba R. Noble Harris Construction Company, Appellant,**

v.

**Malcolm J. HENLEY, Appellee.**

**No. 661.**

Court of Civil Appeals of Texas, Tyler.

Dec. 7, 1972.

Alex Beall, Clapp & Beall, Tyler, for appellant.

Willis Jarrel, Goodwin & Jarrel, Tyler, for appellee.

MOORE, Justice.

This is an appeal from a judgment denying attorney's fees. Plaintiff filed suit against defendant for the sum of $6,443.08 which he alleged to be the balance due and owing him for the construction of three lakes situated on defendant's farms. His petition in the form of a sworn account alleges that at the special instance and request of defendant, he sold and delivered to defendant certain goods, wares, merchandise, labor and services described in the verified account attached to the petition. He prayed for a recovery of the balance due on the account and for a reasonable attorney's fee in the amount of $1,610.77. Defendant answered with a verified denial, denying the justness of the account in whole or in part. Defendant further alleged that the contract for the building of the lakes was a general contract; that plaintiff failed to complete the work in accordance with the contract; that the various sums for which plaintiff sued was for "extras" which were included in the agreement; and that the sum of $9,000.00 previously paid plaintiff was more than the value of the work performed by him. After a trial before the court sitting without a jury, the trial court rendered judgment in favor of the plaintiff for the sum of $4,165.08, but denied plaintiff a recovery for attorney's fees. From that part of the judgment denying attorney's fees, plaintiff perfected this appeal.

The record is before us without a statement of facts. The record does, however, contain findings of fact and conclusions of law.

By a single point of error plaintiff seeks a reversal on the sole and only ground that the trial court erred in refusing to grant him a judgment for an attorney's fee. We overrule the point and accordingly affirm the judgment of the trial court.

Among other findings, the trial court found "that the acts and conduct of parties in the dealings upon the matters in controversy did not constitute the basis for an action upon a sworn account under the provision of Article 2226." The trial court concluded, as a matter of law, that under the evidence presented by plaintiff, he was not entitled to an attorney's fee.

Article 2226, Vernon's Annotated Texas Statutes, authorizes a recovery on attorney's fees by any person having a valid claim against a person or corporation (1) where the claim is founded on sworn account or (2) where the claim is for labor done.

Plaintiff argues that the record shows he is entitled to an attorney's fee because his cause of action is founded on a sworn account as well as for labor done.

Since the record is before us without a statement of facts, the only information with regard to the contractual relationship between the parties comes from the findings of fact filed by the trial court. In this connection, the court found that the plaintiff removed several thousand yards of dirt, cleared and burned timber, performed coring services, laid pipe and furnished concrete for the pipe. The court

found that the "agreement for the price for which the work was to be performed was not in writing." The findings contain no information as to how the work was performed or whether it was performed by the plaintiff personally or by his employees.

 Under the holding in Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958), and Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup., 1962), the suit is not founded upon a sworn account or accounts within the meaning of Article 2226 because plaintiff's account is not one " 'in which there is a sale upon one side and a purchase upon the other, whereby title to *personal* property passes from one to the other * * *.' " (Emphasis theirs.) Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814, 818 (Tex.Sup., 1970).

Nor do we believe that the abbreviated record before us is sufficient to show that plaintiff's cause of action was for "labor done." A claim for "labor done" is a claim for a physical exertion type of personal service. A contract for labor only will support an award for an attorney's fee. On the other hand, a suit based primarily upon a contract for a product or for a general service will not authorize an award of an attorney's fee merely because performance of the contract may require employment of others to perform labor. Tenneco Oil Company v. Padre Drilling Company, supra. Thus, whether plaintiff is entitled to an attorney's fee for "labor done" is made to depend on the facts and circumstances involved in the performance of the contract. The trial court impliedly found that the contract in this case was not of such nature as to fall within statutory classification of "labor done." It is well settled that where the record contains no statement of facts, as here, the appellate court must indulge every reasonable presumption in favor of the judgment. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.

W.2d 363, 365 (1945); McAdams v. Brown, 422 S.W.2d 749 (Tex.Civ.App., Houston 1st Dist., 1967, n. w. h.). Consequently in the absence of a statement of facts, we must presume in support of the judgment that the facts were such that plaintiff was not entitled to attorney's fees for "labor done" within the meaning of Article 2226, supra.

The judgment of the trial court is affirmed.