Diamond J. PANTAZE, Appellant

v.

Anita YUDIN, Appellee.

No. 05–06–00181–CV.

Court of Appeals of Texas, Dallas.

July 17, 2007.

Diamond J. Pantaze, Diamond J. Pantaze, P.C., Dallas, pro se.

Gordon Bogen, Dallas, for Appellee.

Before Justices MORRIS, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

In this appeal, Diamond J. Pantaze challenges the trial court's take-nothing judgment on his lawsuit to recover attorney's fees from his former client Anita Yudin. First, Pantaze asserts the trial court erred in concluding the statute of limitations barred his claim for services rendered four years before he filed suit. Second, he contends the evidence was factually insufficient to support the trial court's finding that he was not entitled to recover for services not barred by limitations. Yudin has asserted a cross-point of error requesting sanctions against Pantaze for filing a frivolous appeal. We resolve Pantaze's issues against him and overrule Yudin's cross-point. We affirm the trial court's judgment.

Yudin retained Pantaze in 1998 to handle a post-divorce action involving the sale of her marital home. Pursuant to a billing statement Pantaze sent to Yudin after their initial meeting, Yudin paid Pantaze a $750 retainer. The statement indicated the retainer would be credited toward the actual fee. The statement further indicated that services would be rendered on a time basis at the rate of $175 per hour, that an itemized bill would be sent "as time accrues," and that Yudin would be charged for costs, fees, and expenses related to the case. The parties did not execute a written fee agreement.

After the case was tried, the trial court awarded Yudin $78,339.68 and her former husband $83,538. On November 17, 2000, Pantaze sent Yudin a letter enclosing a check for $78,339.68 representing her

share of the proceeds from the sale. The letter also included copies of an appellant's brief he had filed on her behalf, various reporter's records, and other documents. In the letter, Pantaze indicated he appealed "to evaluate the merits of seeking a Writ of Mandamus in the Supreme Court" and to challenge the $2000 attorney's fees awarded to Yudin's former husband in connection with his opposition to the mandamus proceeding. The letter concluded, "I am sorry nothing more could be done with the facts, events and the law on this case." Yudin did not receive a bill for Pantaze's legal services until November 22, 2004, over four years after she had received the sale proceeds and other documents. Seven days after Pantaze sent the November 22 letter, he filed this lawsuit to recover his fees.

Yudin moved for summary judgment asserting Pantaze's claims were barred by the four-year statute of limitations. The trial court concluded the statute of limitations barred those claims for attorney's fees based on services rendered before November 30, 2000. Accordingly, the trial court rendered a partial summary judgment on those claims. The trial court held a trial without a jury on the remainder of Pantaze's claims. Based on the evidence, the trial court found Pantaze was not a credible witness, there was no evidence Yudin authorized or received a benefit from any of the services for which Pantaze sought payment, and that the parties' attorney-client relationship terminated on November 17, 2000. The trial court then rendered a final judgment incorporating the partial summary judgment and ordering that Pantaze take nothing on his remaining claims against Yudin. Pantaze appeals.

■ In his first issue, Pantaze contends the trial court erred in granting partial summary judgment because Yudin did not establish the services he performed before November 30, 2000 were barred by limitations. The standards for reviewing a traditional summary judgment are well established. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Once the movant establishes that there are no genuine issues of material fact and she is entitled to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979).

Yudin's summary judgment evidence consisted of Pantaze's November 17, 2000 and November 22, 2004 letters, a copy of Pantaze's billing statement dated July 31, 2001, and Yudin's affidavit. In her affidavit, Yudin stated that after she paid Pantaze the $750 retainer, she never received any bills from Pantaze for his services until after November 22, 2004. She further indicated that all services for which she retained Pantaze were concluded on November 17, 2000 and she never authorized him to perform any other services on her behalf after that date. She also noted she had no further contact with Pantaze until she received his November 22, 2004 letter. Yudin's summary judgment evidence conclusively establishes that Pantaze's claims for services rendered to Yudin before November 17, 2000 accrued on that date at the latest. Based on her affidavit, Yudin did not authorize any additional work after that date. Accordingly, the burden then shifted to Pantaze to present summary judgment evidence creating a genuine issue of material fact with respect to when his claims for services rendered accrued.

In his response to the summary judgment motion and on appeal, Pantaze argues his services to Yudin were not complete, and thus, his cause of action for all

of the services he rendered to Yudin beginning in 1998 did not accrue until after this Court issued its opinion and judgment on the appeal on June 27, 2001. In support of his position, he relies on a January 18, 2000 conversation he had with Yudin indicating she wished to proceed with a mandamus action and do everything possible to obtain more favorable relief.

Although Pantaze filed a notice of appeal and an appellate brief before November 17, 2000, he has not presented any evidence to contradict Yudin's statements that his representation was concluded and he was not authorized to perform any additional work after November 17, 2000. The January 18, 2000 conversation with Yudin is insufficient to create a fact issue with respect to the accrual of his claims because there is no indication that Yudin actually authorized the appeal at that time. Instead, it appears that Pantaze filed the appeal on Yudin's behalf and then sent her the relevant documents he filed with his November 17, 2000 letter. There is nothing in that letter, however, to indicate that additional work would need to be performed with respect to an appeal. Likewise, Pantaze has presented no authority, and we have found none, that would support his legal contention that his cause of action for fees dating back to 1998 did not accrue until the appellate court issued its opinion and judgment on the pending appeal. Historically, an attorney's right to compensation accrues when services are rendered, even when the contract of retainer is not terminated. *See McAdams v. Brown*, 422 S.W.2d 749, 751 (Tex.Civ.App.-Houston [1st Dist.] 1967, no writ). Accordingly, we resolve Pantaze's first issue against him.

In his second issue, Pantaze asserts the trial court's findings of fact with respect to his claims for services rendered after November 30, 2000 were against the great weight and preponderance of the evidence. The post-November 30 services for which Pantaze sought payment were a phone call regarding settlement with Yudin's former husband's attorney and Pantaze's review and transmittal to Yudin of the court of appeals' opinion and judgment.

When a party attacks the factual sufficiency of an adverse finding on which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001). When reviewing a finding for factual sufficiency, we consider all of the evidence and will set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Pantaze specifically challenges the trial court's findings that there was no evidence that Yudin authorized or requested the services performed or received any benefit from the services. He also challenges the trial court's finding that the attorney client relationship existing between the parties ended on November 17, 2000. In support of his position, however, Pantaze focuses exclusively on his trial testimony contradicting the trial court's findings and ignores other evidence the trial court had before it. He also disregards the trial court's assessment that his testimony was not credible based on his failure to produce in discovery supporting documentation for his July 2001 bill.[1]

---

1. On appeal, Pantaze summarily asserts that his objection to the production of his time records on the basis of privilege was proper.

Because he has failed to present any legal authority or analysis to support his position, he presents nothing for us to review with

The evidence indicates Pantaze never had any contact with Yudin after November 17, 2000 when he sent her the proceeds from the sale. Thus, we conclude the trial court did not err in finding the services Pantaze rendered after that date were not authorized by Yudin and were of no benefit to her. Moreover, evidence shows Pantaze's July 2001 bill was created over three years from the date most of the services were rendered. In fact, the July 2001 bill was not even sent to Yudin until November 2004. Based on the record before us, we cannot conclude the trial court's findings were contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We resolve Pantaze's second issue against him.

■ In a cross-point of error, Yudin requests we sanction Pantaze for filing a frivolous appeal pursuant to rule 45 of the Texas Rules of Appellate Procedure. Yudin argues an examination of Pantaze's appellate brief supports her contention that Pantaze had no reasonable expectation of reversal at the time he filed his appeal. Although Pantaze was not successful in his appeal, after reviewing the record and briefs on file, we conclude the appeal was not frivolous and decline to impose sanctions. We overrule Yudin's cross-point.

We affirm the trial court's judgment.

respect to his assertion. *See* TEX.R.APP. P. 38.1(h).